

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

**MEMO ENDORSED**

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

May 12, 2026

**By ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 5/12/2026

Re:     *Mansoor Hamoud Abbas Hadwan, et al. v. Marco Rubio, et al.*,
        26 Civ. 2087 (VEC)

Dear Judge Caproni:

This Office represents the Government in this action. The Court has scheduled an initial pretrial conference for May 22, 2026. *See* Dkt. No. 4. Additionally, the Government's deadline to respond to the complaint is currently May 26, 2026. For the reasons set forth below, I write respectfully to request that the initial pretrial conference be converted to a status conference to take place the week of June 8, 2026, and that the Government's response to the complaint be extended 30 days (i.e., until June 25, 2026).

I was recently assigned to this matter and have been working as quickly as possible to acquaint myself with the long factual and procedural history of this case and another involving one of the four named plaintiffs here, Mansoor Hamoud Abbas Hadwan. *See Hadwan v. Dep't of State*, No. 17 Civ. 578 (VEC). After conferring with my client last week, I reached out to counsel for the plaintiffs on May 8, 2026, requesting documentation supporting the complaint's allegation that Mansoor Hamoud Abbas Hadwan resides in New York, New York, as the Government has concerns that venue may not be proper in the Southern District of New York. I further indicated to counsel that despite my best efforts, I would not be in a position to discuss a path forward by the May 14, 2026, deadline for pre-conference submissions, and requested counsel's consent to convert the initial pretrial conference to a status conference to take place the week of June 8, 2026. I further requested a 30-day extension of the Government's May 26, 2026, deadline to respond to the complaint.

Later that day, plaintiffs' counsel responded to my e-mail, informing me that she "believe[s] the case should continue moving forward without further delay," "do[es] not believe additional time for consultation with the agencies is likely to materially change the parties' positions," and that if my request "were primarily based on workload or scheduling constraints, I would certainly be more amenable to an extension." In follow-up correspondence to counsel, I reiterated that I was working as quickly as possible to familiarize myself with the facts; again requested evidence supporting Mr. Hadwan's residency in New York City; noted that, based on my limited understanding of the facts at the moment, I believed that the Government potentially

The Honorable Valerie E. Caproni
May 12, 2026
Page 2

had grounds to move to dismiss the complaint; and requested whether, before proceeding with motion practice, counsel was interested in discussing a sensible path forward. Plaintiffs' counsel did not respond to my request for evidence of Mr. Hadwan's residency, simply stating: "I obviously can't advise you on how to prosecute your case but file whatever motion you see fit and we will respond."

Our Office understands from our client, the U.S. Department of State, that Mr. Hadwan provided a mailing address in San Francisco, California, when he completed a passport application in October 2025, and that Mr. Hadwan entered the United States in November 2025 via Los Angeles International Airport. The Government therefore is not certain that this litigation is properly venued in the Southern District of New York. In addition to venue-related arguments, the Government is considering other possible grounds for dismissal, including whether certain claims asserted in this action may be time-barred.

Because the Government has been unable to obtain information concerning Mr. Hadwan's residency from his counsel, and to avoid engaging in potentially unnecessary motion practice that wastes both party and judicial resources, the Government respectfully requests that the initial pretrial conference be converted to a status conference to take place the week of June 8, 2026, assuming the Court's schedule permits, and further that the Government's deadline to respond to the Complaint be extended to June 25, 2026. *See, e.g.*, *Muslim American Society of Queens v. USCIS*, No. 23 Civ. 2867 (VSB), 2026 WL 1134915, at *2 (S.D.N.Y. Apr. 27, 2026) ("It is well-settled that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments." (citations and quotation marks omitted)).

This is the Government's first request for an adjournment of the initial pretrial conference and its response deadline, and I thank the Court for its consideration of these requests.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Jessica F. Rosenbaum*
Jessica F. Rosenbaum
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

cc:    Counsel for Plaintiffs (by ECF)

The Initial Pretrial Conference currently scheduled for May 22, 2026, is now adjourned to **Friday, June 12, 2026, at 10:00 a.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.  It remains an Initial Pretrial Conference.  The joint submission described in the Court's March 18, 2026, Order at Dkt. 4 is now due **no later than Thursday, June 4, 2026**.  The Government's deadline to respond to the Complaint is now adjourned to **Thursday, June 18, 2026**.

The Court understands the history of this case but nonetheless encourages the parties to work together cooperatively.  Future extensions of these deadlines may not be available.

SO ORDERED.                          5/12/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE